IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY LEE MORRIS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-612-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Terry Lee Morris, against Bobby Lumpkin, director of the Correctional Institutions Division of the Texas Department of Criminal Justice, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In this petition, Petitioner challenges his 2016 conviction for employing, authorizing, or inducing sexual performance of a child in the 396th Judicial District Court, Tarrant County, Texas, Case No. 1282399D, for which he was sentenced to 60 years' imprisonment. Pet. 2, ECF No. 1; SHR05[1] 7, ECF No. 27-7. The conviction was reversed and remanded by the Eighth District Court of Appeals of Texas on February 28, 2018. Op. 42, ECF No. 27-1. Thereafter, Petitioner was re-indicted in Case No. 1614716R on multiple counts of employing, authorizing, or inducing sexual performance of a child and possession of child pornography. SHR06 4, ECF No. 27-13. On October 11, 2019, pursuant to a plea agreement, Petitioner pleaded guilty to one count of possession of child

---

[1] "SHR05" and "SHR06" refer to the records in Petitioner's state habeas proceedings in WR-50,751-05 and -06, respectively.

pornography and was sentenced to 14 years' imprisonment. *Id.* at 6. Petitioner has been released to mandatory supervision or parole and currently resides at a community corrections center in Dallas, Texas. Ltr., ECF No. 1-3. This petition was filed on May 2, 2021. Pet. 16, ECF No. 1.

## II. ISSUES

In one ground, Petitioner alleges "fraud upon the court" as follows (all spelling, grammatical, and/or punctuation errors are in the original):

> The 396th Judicial District Court, Tarrant County, Texas engaged in unlawful acts to obtain a predetermined conviction. Acts inwhich included fasified trial proceedings, as unlawful detention, i.e. ten months punitive segregation for no documented, or justifiable reason. Acts that constitute no legal authority what so ever to detain or hold Petitioner Terry Lee Morris captive.
>
> The conviction was conducted without any legal or trial proceedings, and without any fundamental right to counsel what so ever.
>
> The Appellate procedure was based on the trial of "John Doe" and not the Petitioner Terry Lee Morris, through deceptive, perjured acts of the court.

*Id.* at 6.

Petitioner requests that the Court "[o]verturn the Eighth Court of Appeals decision and dismiss these fraudulent acts committed by the 396th Judicial District Court it has considered to be a conviction, and any other conviction stemming out of same." *Id.* at 16. Respondent asserts that the petition should be dismissed for lack of subject matter jurisdiction because Petitioner is no longer in custody pursuant to his 2016 conviction. Resp't's Answer 5–6, ECF No. 22. In reply, Petitioner asserts that he is "not at all trying to challenge some conviction" or the Eighth Court of Appeals decision but, instead, challenges "the legality of the appellate process, itself, due to Fraud upon the court." According to Petitioner, the appellate court "never had jurisdiction in this case to begin with, because the alleged trial proceedings in said case are based upon criminal acts that define the entire

trial process 'void ab initio.'" Pet'r's Reply 2, 6, ECF No. 25.

## III.  DISCUSSION

This Court has the duty to assure that it has jurisdiction over the matters before it. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3). Generally, for this Court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490–91.

Clearly, Petitioner was not in custody under his 2016 conviction when the petition was filed. Accordingly, Petitioner's habeas petition challenging the conviction and related proceedings must be dismissed for lack of subject matter jurisdiction. To the extent Petitioner challenges his subsequent 2019 conviction and related proceedings, he must do so in a separate petition under § 2254.

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice for lack of subject matter jurisdiction. In addition, for

the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 16th day of September, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**